SEYFARTH SHAW LLP
Stacy D. Shartin (SBN 58281) sshartin@seyfarth.com
Paul C. White II (SBN 213900) pcwhite@seyfarth.com
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
OTIS ELEVATOR COMPANY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>OTIS ELEVATOR COMPANY and DOES 1 through 100,<br><br>Defendant. | Case No. 08 CV 0380 JLS RBB<br><br>**NOTICE OF COMPLIANCE WITH 28 U.S.C. § 1446(D)**<br><br>(San Diego Superior Court Case No. 37-2007-00083686-CU-FR-CTL)<br><br>Complaint Filed: December 13, 2007<br>Complaint Served: January 28, 2008 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

/ / /

/ / /

/ / /

/ / /

**PLEASE TAKE NOTICE THAT** on February 28, 2008, Defendant OTIS ELEVATOR COMPANY filed with the Superior Court of the State of California for the County of San Diego, their "Notice to the State Court and Adverse Party of Removal to Federal Court" of the above-captioned matter and notified Plaintiff of the removal, in compliance with 28 U.S.C. Section 1446(d). A true and correct conformed copy of the "Notice to the State Court and Adverse Party of Removal to Federal Court" is attached hereto (without exhibits) as **Exhibit 1**.

DATED: February 28, 2008

SEYFARTH SHAW LLP
Stacy D. Shartin
Paul C. White II

By ______________________
Stacy D. Shartin

Attorneys for Defendant
OTIS ELEVATOR COMPANY

# Exhibit 1

COPY

SEYFARTH SHAW LLP
Stacy D. Shartin (SBN 58281) sshartin@seyfarth.com
Paul C. White II (SBN 213900) pcwhite@seyfarth.com
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
OTIS ELEVATOR COMPANY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO

BY FAX

| | |
|---|---|
| RUSSELL ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>OTIS ELEVATOR COMPANY and DOES 1 through 100,<br><br>Defendant. | Case No. 37-2007-00083686-CU-FR-CTL<br><br>**NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**<br><br>(USDC Case '08 CV 0380 JLS RBB)<br><br>Complaint Filed: December 13, 2007<br>Complaint Served: January 28, 2008 |

**TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

///

///

///

**PLEASE TAKE NOTICE THAT**, on February 28, 2008, Defendant Otis Elevator Company ("Otis"), filed with the United States District Court for the Southern District of California a Notice of Removal of the above-captioned matter from the Superior Court of the State of California for the County of San Diego.[1] Attached hereto as Exhibit "A" is a true and correct copy of that Notice of Removal with its attached exhibits.

The Superior Court of the State of California for the County of San Diego is hereby advised to proceed no further with this matter unless and until the case is remanded.

DATED: February 28, 2008

SEYFARTH SHAW LLP
Stacy D. Shartin
Paul C. White II

By [signature]
Stacy D. Shartin

Attorneys for Defendant
OTIS ELEVATOR COMPANY

---

[1] By removing this action to the United States District Court for the Southern District of California, Otis in no way waives or consents to personal jurisdiction or venue, and hereby expressly reserves its right to challenge, among other things, personal jurisdiction and/or venue by way of motion, responsive pleading or otherwise. *See Dielsi v. Falk*, 916 F.Supp. 985, 994 (C.D. Cal. 1996) ("[A] defendant 'does not waive jurisdictional challenges by removing the case to federal court.' [Citation.]").

# Exhibit A

COPY

FILED

08 FEB 28 PM 3:23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DEPUTY

SEYFARTH SHAW LLP
Stacy D. Shartin (SBN 58281) sshartin@seyfarth.com
Paul C. White II (SBN 213900) pcwhite@seyfarth.com
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
OTIS ELEVATOR COMPANY

'08 CV 0380 JLS RBB

BY FAX

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL ANDERSON,<br>Plaintiff,<br>v.<br>OTIS ELEVATOR COMPANY and DOES 1 through 100,<br>Defendant. | Case No. ____________<br>**NOTICE OF REMOVAL**<br>(San Diego Superior Court Case No. 37-2007-00083686-CU-FR-CTL)<br>Complaint Filed: December 13, 2007<br>Complaint Served: January 28, 2008 |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

///

///

///

///

**PLEASE TAKE NOTICE THAT** Defendant OTIS ELEVATOR COMPANY ("Otis") hereby files this Notice of Removal on two grounds: (1) diversity jurisdiction, and (2) federal question jurisdiction, pursuant to 28 U.S.C. Sections 1332, 1441 and 1446, in order to effect the removal of the above-captioned matter, which was commenced in the Superior Court of the State of California for the County of San Diego, and states that the removal is proper for the following reasons:[1]

## TIMELINESS OF REMOVAL

1. On or about December 13, 2007, Plaintiff Russell Anderson ("Plaintiff") filed a Complaint against Otis, and Does 1-100 in the Superior Court of the State of California for the County of San Diego, Case No. 37-2007-00083686-CU-FR-CTL (the "Complaint").

/ / /

/ / /

/ / /

[1] By removing this action to this Court, Otis in no way waives or consents to personal jurisdiction or venue, and hereby expressly reserves its right to challenge, among other things, personal jurisdiction and/or venue by way of motion, responsive pleading or otherwise. *See Dielsi v. Falk*, 916 F.Supp. 985, 994 (C.D. Cal. 1996) ("[A] defendant 'does not waive jurisdictional challenges by removing the case to federal court.' [Citation.]"). *See also S.E.C. v. Wencke*, 783 F.2d 829, 832 n. 3 (9th Cir. 1986) ("Federal Rule of Civil Procedure 12 abolished the distinction between general and special appearances when the Federal Rules were adopted in 1938.") (citing *Republic International Corp. v. Amco Engineers, Inc.*, 516 F.2d 161, 165 (9th Cir. 1975) ["Special appearances to challenge jurisdiction are no longer required in federal courts."]; *Hays v. United Fireworks Manufacturing Co.*, 420 F.2d 836, 844 n. 10 (9th Cir. 1969) ["Under federal practice a special appearance need not be filed in order to challenge jurisdiction."]; *Martens v. Winder*, 341 F.2d 197, 200 (9th Cir. 1969) ["Rule 12 ... eliminat[es] the distinction between general and special appearances."]). *See also* 5B Wright and Miller, *Federal Practice and Procedure* § 1344, at 30 (2004) ("[I]t no longer is necessary to appear specially or employ any particular set of words to challenge a federal court's personal jurisdiction, venue or service of process. [¶] Thus, technical distinctions between general and special appearances have been abolished and the rulemakers wisely concluded that no end is accomplished by retaining the terms in federal practice.").

2. Otis first received the Summons and Complaint through its designated agent for service of process on January 29, 2008. A true and correct copy of the Summons and Complaint and all other pleadings served on Otis by Plaintiff on January 29, 2008, is attached hereto as Exhibit "A."

3. This Notice of Removal is timely as it is filed within thirty (30) days of the receipt by a defendant of a copy of the Summons and Complaint in this matter. 28 U.S.C. § 1446(b).

4. Otis answered the Complaint on February 28, 2008. A true and correct copy of the Answer is attached hereto as Exhibit B.

**FEDERAL QUESTION JURISDICTION BASED ON SECTION 301 PREEMPTION**

5. At all relevant times, Plaintiff was represented by the International Union of Elevator Constructors (the "Union") and the terms of his employment were governed by a collective bargaining agreement ("CBA") between Otis and the Union. Attached hereto as Exhibit C is a copy of the CBA.

6. This Court has original or supplemental jurisdiction under 28 U.S.C. Sections 1331 and 1367 over each of Plaintiff's claims in the Complaint, and thus this case may be removed by Defendants pursuant to 28 U.S.C. Section 1441.

7. Federal question jurisdiction arises out of the fact that Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act ("Section 301"). 29 U.S.C. § 185. Section 301 provides that: "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000), *rehearing denied* 281 F.3d 801 (9th Cir. 2002).

8. Further, all state law claims raised by a union-represented employee that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pacific Racing Association*, 854 F.2d 1142, 1146 (9th Cir. 1988); *see also Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction.").

9. Section 301 has specifically been held to preempt California state law claims that are dependent upon interpretation of a collective bargaining agreement. *Firestone*, 219 F.3d at 1066-67. The same holding applies where the interpretation is required to evaluate the employer's defense to a plaintiff's state law causes of action. *See Audette v. International Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999) (civil rights claim preempted where interpretation of agreement was required to evaluate employer's defense that it had a legitimate business reason for its actions). *See also Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 769 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that Plaintiff was "entitled . . . to wages at the level set by the CBA.").

10. Here, Plaintiff claims that Otis offered him employment, including a pay raise and a promotion, and that it gave him "a two year exclusive working contract", but that Otis breached that alleged contract by firing him. (Complaint, ¶¶ 10, 12, 14, 22-25.) *However, at all relevant times, the terms and conditions of* Plaintiff's employment, including the substantive reasons for, and the procedural prerequisites to, the termination of Plaintiff's employment, were set by the CBA.

Therefore, at least one of Otis's defenses to these claims – that it had legitimate, non-fraudulent business reasons to terminate Plaintiff's employment, and that it followed the proper procedure in doing so – is dependent upon and inextricably intertwined with interpretation of the CBA between Otis and the Union.

11. The fact that that the Plaintiff did not refer to the CBA in the Complaint does not preclude removal on the basis of Section 301 preemption when the resolution of Plaintiff's claims turns on interpretation of provisions in the CBA. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("The district court . . . properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction."); *Schroeder v. Trans World Airlines, Inc.*, 702 F. 2d 189, 191 (9th Cir. 1983) ("Artful pleading by the plaintiff will not be allowed to conceal the true nature of the complaint.").

**REMOVAL ON THE BASIS OF DIVERSITY JURISDICTION**

12. The Court has original jurisdiction of this action under 28 U.S.C. Section 1332(a)(1) and this action is removable for the additional reason that it is between citizens of different states, and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. 28 U.S.C. Section 1441(a).

13. **Plaintiff's Citizenship.** Plaintiff alleges, and Otis is informed and believes, that Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California, County of San Diego. (Complaint, 1). For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of his domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

14. **Otis's Citizenship.** Otis is a corporation, and is now, and at all times since the commencement of this action has been incorporated under the laws of the State of New Jersey, with its principal place of business in the State of Connecticut. Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

15. **Doe Defendants' Citizenship.** Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants sued as "DOES" are not required to join in a removal position). Thus, the alleged existence of Doe defendants 1 through 100, inclusive, does not deprive this Court of jurisdiction.

16. **Amount-In-Controversy.** While Otis denies any liability to Plaintiff, the amount-in-controversy requirement is satisfied because it is "more likely than not" that the amount in controversy exceeds the $75,000 jurisdictional minimum exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996).

A. **Damages.** Plaintiff's Complaint alleges the following six (6) claims against Otis: (1) Fraud; (2) Breach of Contract; (3) Violation of Labor Code Section 970, *et seq.*; (4) Intentional Misrepresentation; (5) Negligent Misrepresentation; and (6) Negative Fraud/Fraudulent Concealment. The Complaint seeks, among other things, compensatory damages, general damages, punitive damages, double damages as provided in [California] Labor Code §972, and attorneys' fees. (Complaint, p. 9.) It is "more likely than not" that Plaintiff's alleged compensatory damages, alone, exceed the amount-in-controversy requirement because: (1) Plaintiff alleges that Otis promised to employ him as a "temporary mechanic" for two (2) years, but actually employed him for two (2)

months or less (Complaint, ¶ 11, 12, 14); (2) pursuant to the CBA, Otis pays "temporary mechanics" on an hourly basis; (3) a regular full-time "temporary mechanic" would be expected to work 4,000 "straight-time" hours over the course of two (2) years, in addition to required overtime; and (4) the product of the wage-rate for "temporary mechanics" provided in the CBA, multiplied by 4,000 hours, exceeds $75,000. Furthermore, the fact that Plaintiff is seeking double damages under California Labor Code §972 makes it even likelier that the amount in controversy in this case exceeds the jurisdictional requirement.

**B. <u>Attorneys' Fees and Punitive Damages</u>.** Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). In addition, a request for punitive damages must be taken into account for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D.Cal. 2002).

17. Since diversity of citizenship exists between Plaintiff and Otis and the amount in controversy between them is well in excess of Seventy-Five Thousand Dollars ($75,000), this Court has original jurisdiction of the action pursuant to 28 U.S.C. Section 1332(a)(1). For this additional reason, it is proper to remove this action to this Court.

## <u>SUPPLEMENTAL JURISDICTION</u>

18. The remaining claims in the Complaint fall within this Court's supplemental jurisdiction, pursuant to 28 *U.S.C.* § 1367, as they relate to and emanate from the same employment relationship between Plaintiff and Otis that is the subject of the federal question claims. All the pleaded claims thus emanate

from and form part of the same "case or controversy." Accordingly, by virtue of 28 U.S.C. § 1441, Defendant is entitled to remove all of Plaintiff's claims to this Court.

**VENUE**

19. Without waiving Otis's right to challenge, among other things, personal jurisdiction and/or venue by way of motion, responsive pleading or otherwise (*see* footnote 1, *supra*), venue for this removed action lies in this Court pursuant to 28 U.S.C. Sections 1441, 1446(a), and 84(c). This action originally was brought in the Superior Court of the State of California for the County of San Diego, and the Plaintiff resides in the County of San Diego, State of California.

**NOTICE OF REMOVAL**

20. This Notice of Removal will be promptly served on counsel for Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of San Diego.

21. In compliance with 28 U.S.C. Section 1446(a), true and correct copies of all process, pleadings, and orders served in this action are attached hereto as Exhibit "A." They are (1) the Summon; (2) the Complaint; and (3) all other pleadings served on Otis.

**WHEREFORE**, Defendant prays that this civil action be removed from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.

DATED: February 28, 2008

SEYFARTH SHAW LLP
Stacy D. Shartin
Paul C. White II

By [signature]
Stacy D. Shartin

Attorneys for Defendant
OTIS ELEVATOR COMPANY

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF SAN DIEGO )

I am employed by Nationwide Legal, Inc. in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is: 316 W. 2nd Street, Suite 705, Los Angeles, CA 90012. On February 29, 2008, I served the within documents:

NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

☐ I sent such document from facsimile machine (310) 201-5219 on February 29, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☒ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Diego, California, addressed as set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Overnite Express envelope with postage paid on account and deposited with Overnite Express at San Diego, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

FREDERICK W. GASTON
MATTHEW J. FAUST
222 Ash Street
San Diego, CA 92101
Telephone: 619/398-1882;
Facsimile: 619/398-1887

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on February 29, 2008, at San Diego, California.

Rita Campbell

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On March 5, 2008, I served the within documents:

Notice of Compliance with 28 USC 1446(d)

☒ I sent such document from facsimile machine (310) 201-5219 on March 5, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☒ by Electronic Case Filing the document(s) listed above, to the parties addressed as set forth below.

FREDERICK W. GASTON
MATTHEW J. FAUST
222 Ash Street
San Diego, CA 92101
Telephone: 619/398-1882;
Facsimile: 619/398-1887

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on March 5, 2008, at Los Angeles, California.

Linda Norris

# Confirmation Report – Memory Send

Page : 001
Date & Time: 03-05-08 11:44
Line 1 : 310-201-5219
Line 2 : 310-201-5219
Machine ID : SEYFARTH SHAW ATTORNEYS

| | | |
|---|---|---|
| Job number | : | 268 |
| Date | : | 03-05 11:39 |
| To | : | ☎#329916193981887 |
| Number of pages | : | 019 |
| Start time | : | 03-05 11:39 |
| End time | : | 03-05 11:44 |
| Pages sent | : | 019 |
| Status | : | OK |

Job number : 268 *** SEND SUCCESSFUL ***

SEYFARTH ATTORNEYS SHAW LLP

2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
(310) 277-7200
Fax (310) 201-5219
www.seyfarth.com

## Facsimile Transmission

Date: March 5, 2008

| RECIPIENT | COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| FREDERICK W. GASTON<br>MATTHEW J. FAUST | Law Offices | 619/398-1882 | 619/398-1887 |

Please Copy Locally

FROM: Stacy D. Shartin
PHONE: (310) 201-5206
RE: Anderson v. Otis Elevator Company
SDSC Case No. 37-2007-00083686-CU-FR-CTL

REPLY FAX NO.: (310) 201-5219

File No: 54542-11 Number of Pages, Including Cover: # 19

☒ Hard copy to follow
☐ Per your request
☐ Please telephone me
☐ Hard copy will not follow
☐ Please review and revise if necessary

MESSAGE:

*Please see attached.*

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

ANY TAX INFORMATION OR WRITTEN TAX ADVICE CONTAINED HEREIN (INCLUDING ANY ATTACHMENTS) IS NOT INTENDED TO BE AND CANNOT BE USED BY ANY TAXPAYER FOR THE PURPOSE OF AVOIDING TAX PENALTIES THAT MAY BE IMPOSED ON THE TAXPAYER. (THE FOREGOING LEGEND HAS BEEN AFFIXED PURSUANT TO U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE.)

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE PHONE (310) 277-7200 AS SOON AS POSSIBLE.

LA1 6682390.1