SEYFARTH SHAW LLP
Stacy D. Shartin (SBN 113578)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219
sshartin@seyfarth.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL ANDERSON,<br>Plaintiff,<br>v.<br>OTIS ELEVATOR COMPANY, AND DOES 1 THROUGH 100,<br>Defendants. | Case No. 08 CV 0380 JLS RBB<br>**DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE HEARING DATE ON ORDER TO SHOW CAUSE AND SETTLEMENT CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE *EX PARTE* APPLICATION**<br>**[DECLARATION OF STACY D. SHARTIN FILED, AND PROPOSED ORDER LODGED, CONCURRENTLY HEREWITH]** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Southern District Local Rule 7.1(e)(4), Defendant Otis Elevator Company ("Defendant") hereby applies *ex parte* for a continuance of the Settlement Conference and Hearing on this Court's Order to Show Cause, scheduled for September 12, 2008 (Docket No. 6).

**GOOD CAUSE EXISTS** for granting this *Ex Parte* Application. Counsel for Defendant has an unforeseen family medical emergency which he must attend

to on September 12, 2008 in Encino, California. As such, counsel for Defendant is unable to attend the Hearing and Conference.

As set forth in the accompanying declaration of Stacy D. Shartin, counsel for Plaintiff has been provided notice of this Application and has stated that he will not oppose Defendant's request.

DATED: September 10, 2008

SEYFARTH SHAW LLP
Stacy D. Shartin

By */s/ Stacy D. Shartin*
Stacy D. Shartin
Attorneys for Defendant
OTIS ELEVATOR COMPANY

# MEMORANDUM OF POINT AND AUTHORITIES

## I. INTRODUCTION

### A. Nature of the Action

This action arises out of Plaintiff Russell Anderson's("Plaintiff") employment with Defendant Otis Elevator Company ("Defendant"). Plaintiff sues for alleged discrimination and retaliation. Defendant's counsel Stacy D. Shartin, Esq. has represented Defendant throughout this litigation since its inception, and has personally performed nearly all legal work on Defendant's behalf in this case.

### B. Procedural History

This case was removed to this Court on February 29, 2008. On February 4, 2008, a Case Management Conference and Early Neutral Evaluation was held (Docket No. 5). Due to a calendar error, Mr. Shartin inadvertently did not attend the February 4, 2008 proceeding. The Court set a further Settlement Conference for September 12, 2008, and issued as Order to Show Cause for Defendant's and Mr. Shartin's failure to appear at the proceeding. (Docket No. 6). The Hearing on the Order to Show Cause was also scheduled for September 12, 2008. (Docket No. 6). This Court also ordered that both parties engage in a Rule 26(f) conference by April 28, 2008, and that both parties exchange their initial disclosures by May 12, 2008. (Docket No. 7).

Defendant filed its Response to the Order to Show Cause on April 14, 2008, in compliance with the Court's Order. (Docket Nos. 6, 8). Both parties participated in the Rule 26(f) conference and exchanged initial disclosures in accordance with this Court's Order.

### C. Need for a Continuance

Stacy D. Shartin, Esq. of Seyfarth Shaw has been the principal attorney representing the Defendant in connection with this matter since its inception. Mr.

Shartin was prepared to attend the Hearing and Settlement Conference in accordance with the Court's Order on September 12, 2008.

Mr. Shartin's elderly mother was hospitalized on August 27, 2008 in Encino, California. (Declaration of Stacy D. Shartin ("Shartin Dec."), ¶ 4). Mr. Shartin has been caring for his mother since the date of her hospitalization. (Shartin Dec., ¶ 5). On September 10, 2008, Mr. Shartin was informed by his mother's doctors that she is being transferred to a rehabilitation facility on September 11, 2008. (Shartin Dec., ¶ 6). Mr. Shartin will need to be with his mother in Encino, to care for her during her transfer to the rehabilitation facility. (Shartin Dec., ¶ 7). Accordingly, Mr. Shartin is unable to attend the Hearing and Settlement Conference on September 12, 2008 because of his need to care for his elderly mother. (Shartin Dec., ¶ 7).

Upon learning of his mother's release from the hospital and transfer to a rehabilitation facility, Mr. Shartin immediately contacted counsel for Plaintiff and inform him of the conflict with the Hearing and Settlement Conference. (Shartin Dec., ¶ 8, Ex. 1). Counsel for Plaintiff stated that he would not oppose an *ex parte* application for a continuance of the Hearing and Settlement Conference. (Shartin Dec., ¶ 9).

## II. ARGUMENT

### A. The Court has the Authority to Continue the Settlement Conference and Hearing.

This Court has the authority to Continue the Settlement Conference and Hearing. Southern District Local Rule 7.1(e)(4) provides that "all applications for orders [lengthening] time under these rules shall be submitted ex parte, be accompanied by a proposed order, and be served on all opposing parties."

Defendant has complied with this rule. It has applied *ex parte*, lodged a proposed order, and served the opposing party. Moreover, Defendant gave the opposing party notice in advance of serving him.

### B. Good Cause Exists to Continue the Settlement Conference and Hearing.

Southern District Local Rule 16.1(c)(1) (c) states that "attendance may be excused only for *good cause shown.*" (emphasis added). Good cause exists here to excuse Defendant's attendance and grant its Application to continue the Settlement Conference and Hearing. Counsel for Defendant, Mr. Shartin, must take care of his hospitalized, elderly, ill mother more than 200 miles away from this Court in Encino, California. Taking care of a sick parent is undoubtedly good cause to excuse Mr. Shartin's attendance. Moreover, counsel for Plaintiff was sympathetic to Mr. Shartin's family obligations and will not oppose this Application. As such, good cause exists for this Court to grant Defendant's Application.

## III. CONCLUSION

For the reasons discussed above, Defendant respectfully requests that for good cause shown, this Court GRANT its Ex Parte Application to Continue the Settlement Conference and Hearing on Order to Show Cause, and grant Defendant a short continuance to a date convenient with the Court's calendar.

DATED: September 10, 2008

SEYFARTH SHAW LLP
Stacy D. Shartin

By /s/ *Stacy D. Shartin*
Stacy D. Shartin
Attorneys for Defendant
OTIS ELEVATOR COMPANY